IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARRY WAYNE WHITE, (TDCJ-CID #622752) § § § § Petitioner, § § VS. § CIVIL ACTION NO. H-09-4112 § RICK THALER, § § § Respondent. § | |

GARRY WAYNE WHITE, §
(TDCJ-CID #622752) §
 §
 §
Petitioner, §
 §
VS. § CIVIL ACTION NO. H-09-4112
 §
RICK THALER, §
 §
 §
Respondent. §

**MEMORANDUM AND OPINION**

The petitioner, Garry Wayne White, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction. After reviewing the petition for a writ of habeas corpus and available online state court records, this court ordered White to file a written submission by February 12, 2010, showing why this case should not be dismissed because it was filed too late. (Docket Entry No. 5). He complied on January 27, 2010. (Docket Entry No. 7). White advised this court that he suffered from a psychiatric illness and was unable to file a timely federal petition. This court determined that dismissal based on limitations was not appropriate on the available record and ordered the respondent to respond. (Docket Entry No. 8). The respondent has now moved for summary judgment on the ground that the petition is barred by limitations. (Docket Entry No. 13). The respondent has also provided the court with the state court records. (Docket Entry No. 12). White has not filed a response.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

I.  **Background**

A Texas state-court jury found White guilty of the felony offense of aggravated robbery with a deadly weapon. (Cause Number 590885). On February 27, 1992, the jury sentenced White to a forty year prison term. The Fourteenth Court of Appeals of Texas affirmed White's conviction on May 6, 1993. The Texas Court of Criminal Appeals refused White's petition for discretionary review on October 20, 1993. White filed an application for state habeas corpus relief on September 12, 1995. The Texas Court of Criminal Appeals denied the application, without written order, on findings of the trial court, without a hearing, on February 14, 1996. *Ex parte White,* Application No. 30,233-01 at cover. White filed a second application on March 18, 1997, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on June 4, 1997. *Ex parte White,* Application No. 30,233-02 at cover. White filed a third application on October 8, 2009, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on November 25, 2009. *Ex parte White,* Application No. 30,233-03 at cover.

On December 23, 2009, this court received White's federal petition. The petition was filed when White gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that White put his federal petition in the prison mail on the date he signed it, December 16, 2009. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

White contends that his conviction is void for the following reasons:

(1)  trial counsel gave ineffective assistance by failing to:

A.  request a competency hearing before the trial;

B.  investigate possible defenses; and

    C.  investigate mitigating evidence; and

  (2)  the trial court erred by failing to conduct a background check of White.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

  The threshold issue is whether White filed the petition too late to permit this court to consider his claims.

## II. Analysis

  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). The United States Court of Appeals for the Fifth Circuit held under 28 U.S.C. § 2254 and § 2255, federal habeas applicants whose claims would have been otherwise time-barred immediately as of the enactment of the one-year limitations period in the AEDPA instead had one year after AEDPA's effective date to file their applications. *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998), and *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998).

White is challenging a conviction entered on February 27, 1992, before the AEDPA's effective date. White had until April 24, 1997 to file a federal habeas claim. White did not file this federal petition until December 16, 2009.

The pendency of a properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). White's first and third state applications did not extend the federal limitations period because White did not file these applications during the one-year period between April 1996 and April 1997. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). White did file his second state application during that one-year period. White's second state application was pending from March 18, 1997 to June 4, 1997, a total of 78 days. That extended the deadline to July 11, 1997. But, as noted, White did not file this federal petition until December 16, 2009.

The one-year limitations period for filing federal habeas petitions established in § 2244(d)(1) can be extended on equitable grounds. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (citing

*Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Such equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances," when necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis,* 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling applies "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Equitable tolling "will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir. 2004). The applicant bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000).

A district court "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). The Fifth Circuit has repeatedly held that an inadequate law library is not a "rare and exceptional" circumstance that warrants equitable tolling of the AEDPA limitations period. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (holding that a *pro se* prisoner's incarceration before the enactment of the AEDPA and his lack of notice of the statute of limitations "does not present an extraordinary circumstance warranting equitable tolling"); *Fisher,* 174 F.3d at 714 (holding that a lack of notice of AEDPA provisions does not warrant equitable tolling); *Scott v. Johnson,* 227 F.3d 260, 263 (5th

Cir. 2000) (denying a request for equitable tolling based on an "inadequate law library" in the petitioner's prison). Ignorance of the law and the lack of knowledge of filing rules and deadlines do not justify equitable tolling. *Fisher,* 174 F.3d at 714; *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991).

Unfamiliarity with the legal process does not merit equitable tolling. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). "It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." *Id.* Unfamiliarity with the English language is generally insufficient to warrant equitable tolling. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies equitable tolling. *Pro se* litigants are the rule, not the exception, in § 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). White's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

White argues that he suffers from moderate mental retardation and paranoid schizophrenia, making him mentally incompetent to litigate his postconviction proceedings. (Docket Entry No. 7, p. 1). It is unlikely that a petitioner would be found mentally incompetent on these grounds alone. The Supreme Court has not held that a person with such conditions is categorically incompetent to stand trial or enter into a plea agreement. *See, e.g., Atkins v. Virginia,* 536 U.S. 304, 309-10 (2002). In *Lawrence v. Florida,* 549 U.S. 327 (2007), the Supreme Court considered whether mental incompetence is a proper basis for equitable tolling in the context of § 2244(d). The Court rejected such a plea for tolling, stating: *"Even assuming this argument could be legally credited,* Lawrence has made no factual showing of mental incapacity." *Id.* at 1086 (emphasis added).

The Fifth Circuit has recognized the possibility that mental incompetence might support tolling the AEDPA one-year statute of limitations. *Fisher*, 174 F.3d at 715 (citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999) (assuming that mental illness would support equitable tolling "if the illness . . . prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them")). For tolling to apply, a petitioner must show that the mental illness actually make him unable to pursue his legal rights during the relevant time period. *Fisher*, 174 F.3d at 715-16. The petitioner must provide a basis to show that his mental impairment prevented him from managing his legal affairs or understanding his legal rights. *Hood v. Sears, Roebuck & Co.*, 168 F.3d at 232-33.

The Fifth Circuit stated, however, that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling." 174 F.3d at 715. In *Fisher*, the court explained:

> The period during which Fisher could not work on his federal habeas petition, although outcome determinative here, is not a significant length of time. More importantly, he still had over six months to complete his federal habeas petition after his return to his usual quarters. If this event had occurred shortly before the required filing, Fisher would have a stronger case. But considering it occurred at a time so remote to his deadline, and absent a showing that he diligently pursued his application the remainder of the time and still could not complete it on time, equity does not require tolling.

*Fisher*, 174 F.3d at 715. *See also Boothe v. Quarterman*,[1] 326 F. App'x 257 2009 WL 1011191 (5th Cir. April 15, 2009) (holding that the district court did not abuse its discretion by refusing to invoke equitable tolling when the petitioner failed to meet his burden of showing that his mental condition

---

[1] The court includes copies of the four unpublished opinions as Attachment 1.

prevented him from pursuing his legal rights during 2003); *Pena v. Johnson,* 37 F. App. 91, No. 00-41158, 2002 WL 1022044, at *1 (5th Cir. May 14, 2002) (affirming the district court's denial of habeas petition as time-barred and holding that equitable tolling did not apply based on the petitioner's alleged incompetence, given evidence that his "condition did not prevent him from pursuing his habeas rights during the relevant time period"); *Smith v. Johnson,* 247 F.3d 240, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (stating that "a claim of incompetence does not automatically entitle a prisoner to equitable tolling" and holding that the petitioner had failed to allege sufficient facts to support his claim that his mental incompetence "impeded him from asserting his legal rights"); *Robinson v. Johnson,* 218 F.3d 744, No. 99-40291, 2000 WL 821450, at *1 (5th Cir. May 31, 2000) (affirming the district court's dismissal of § 2254 petition because equitable tolling doctrine based on alleged mental incapacity did not apply with evidence "supporting his contention that his mental condition or medication impaired his ability to [timely] file his federal habeas petition").

White has failed to allege with the required specificity that his mental health problems actually prevented him from filing his federal petition within the relevant period. White's brief reference to his moderate mental retardation and schizophrenia is insufficient to carry the evidentiary burden required to invoke equitable tolling.

White states that he is currently confined at the Montford Psychiatric Unit due to his severe mental illness. (Docket Entry No. 7, Petitioner's Response, p. 1). White states that he "[s]uffer from moderate mental retardation and paranoid schizophrenia mental illnesses in term [sic] prevented the petitioner from managing his affairs and thus from understanding his legal rights and acting upon them during the entirety of the AEDPA." It appears that a fellow inmate, acting as an advocate,

8

assisted White in filing his federal petition, (Docket Entry No. 1), and response as to why his petition was not barred by limitations. (Docket Entry No. 7). Both of these pleadings were mailed from the Montford Unit.

White has failed to put forth sufficient evidence showing how his alleged "mental illness prevented him from timely filing his federal habeas petition. He fails to explain why he was unable to file his petition before the expiration of the one-year reasonableness period but was able to do so twelve years later. White's mental illness apparently did not prevent him from filing the following civil rights lawsuits:

(1) *White v. TDCJ,* Civil Action Number 5:08-0226 (N.D. Tex. Sept. 20, 2010). White filed this suit on November 17, 2008 while at the Montford Unit;

(2) *White v. Thaler,* Civil Action Number 5:10-0015 (N.D. Tex. Jan. 28, 2010). White filed this suit on January 26, 2010 while at the Montford Unit;

(3) *White v. Robinson,* Civil Action Number 2:08-0157 (N.D. Tex. Dec. 22, 2008). White filed this suit on July 8, 2008 while at the Clements Unit;

(4) *White v. State Official Employees,* Civil Action Number 4:08-2201 (S.D. Tex. July 25, 2008). White filed this suit on July 3, 2008 while at the Clements Unit;

(5) *White v. Robinson,* Civil Action Number 4:08-2178 (S.D. Tex. July 21, 2008). White filed this suit on July 7, 2008 while at the Clements Unit;

(6) *White v. Medical Staff,* Civil Action Number 4:08-2202 (S.D. Tex. July 15, 2008). White filed this suit on July 3, 2008 while at the Clements Unit;

(7) *White v. Sloan,* Civil Action Number 9:06-141 (E.D. Tex. Oct. 6, 2006). White filed this suit on June 14, 2006 while at the Lewis Unit;

(8) *White v. TDCJ,* Civil Action Number 4:06-2266 (S.D. Tex. July 13, 2006). White filed this suit on June 26, 2006 while at the Lewis Unit;

(9) *White v. Sloan,* Civil Action Number 4:06-2041 (S.D. Tex. July 3, 2006). White filed this suit on June 14, 2006 while at the Lewis Unit;

(10) *White v. Herrera,* Civil Action Number 2:01-0448 (S.D. Tex. Apr. 11, 2002). White filed this suit on September 25, 2001 while at the Clements Unit;

(11) *White v. Wright,* Civil Action Number 3:95-0704 (S.D. Tex. June 22, 1998). White filed this suit on October 31, 1995 while at the McConnell Unit;

(12) *White v. Perez,* Civil Action Number 2:97-0224 (S.D. Tex. June 11, 1998). White filed this suit on April 17, 1997 while at the McConnell Unit; and

(13) *White v. Harris Cnty. Jail,* Civil Action Number 4:92-0233 (S.D. Tex. Oct. 26, 1992). White filed this suit on January 24, 1992 while at the Clements Unit.

Similarly, White's mental illness did not prevent him from filing three state applications for postconviction relief, on September 12, 1995, his second application on March 18, 1997, and his third application on October 8, 2009. White's ability to file three applications for state postconviction relief and thirteen federal civil rights lawsuits is evidence that he is either competent to file or to enable others to file the appropriate legal papers. White had not alleged that his mental capacity has somehow improved between the period in which his federal petition could have been timely filed and these cases. White's mental health issues do not warrant equitable tolling.

White does not identify any other grounds for equitable tolling and the record does not disclose any. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when

10

the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). White's delay in filing his state habeas application also mitigates against the application of the tolling doctrine. *Officer Fitchett v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

White does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented White from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Additionally, White's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). White has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his trial that took place on February 27, 1992, and he reasonably should have been aware of them at that time.

### III.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 13), is granted. White's petition for a writ of habeas corpus is denied. This case is dismissed, with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Roberts v. Dretke,* 356 F.3d 632, 637 (5th Cir. 2004) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Henry v. Cockrell,* 327 F.3d 429, 431 (5th Cir. 2003) (citing *Slack,* 529 U.S. at 484). White has not made the showing necessary for issuance of a certificate of appealability.

SIGNED on November 23, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge